```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
v.                             )    No. CR-10-31-FHS
                               )
MICHAEL WAYNE TAYLOR,          )
                               )
        Defendant.             )

**<u>OPINION AND ORDER</u>**

    Before the Court for its consideration is a Motion to Dismiss (Dkt. No. 31) and a Request for an Evidentiary Hearing (Dkt. No. 32) filed by Defendant, Michael Wayne Taylor, who is charged in a two-count Indictment with assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. §§ 111(a)(1) and 111(b). Having fully considered the parties' respective positions on these matters, the Court finds Defendant's Motion to Dismiss (Dkt. No. 31) and Request for Evidentiary Hearing (Dkt. No. 32) should be denied.

    Count One of the Indictment alleges Taylor "did forcibly, with the use of a dangerous weapon, to wit: a shotgun, assault, resist, oppose, impede, intimidate and interfere with and did inflict bodily injury to Audra Fenton, an employee of the United States Department of Agriculture, while she was engaged in the performance of her official duties." Count Two of the Indictment alleges a similar violation by Defendant with respect to "Gary Taylor, a person assisting an employee of the United States Department of Agriculture, while he was engaged in the performance of his official duties." In his Motion to Dismiss, Defendant contends this Court is without jurisdiction over the charged offenses based

1

on the Government's evidence presented at the detention hearing. Defendant also requests an evidentiary hearing on the Motion to Dismiss in order to resolve the issue of federal jurisdiction at the outset of this case. In essence, Defendant argues these assault charges can only be brought in State Court as the evidentiary record establishes that Fenton, the federal employee, was not engaged in the performance of her official duties and Gary Taylor, an employee of the Sequoyah County Conservation District, was not assisting Fenton at the time of the alleged assaults by Defendant. Defendant contends the record establishes that Gary Taylor was staking and surveying the land under a State Court order in a condemnation proceeding and that Fenton was "a federal interloper trespassing" on his land during the altercation; consequently, no federal jurisdiction over these assault charges can be sustained under 18 U.S.C. § 111. In response, the Government objects to the request for an evidentiary hearing and, furthermore, objects to the Court considering matters beyond the face of the Indictment to resolve issues of fact in the context of a pretrial motion to dismiss challenging the sufficiency of the Indictment. The Government also presents a factual rebuttal to the arguments raised by Defendant.

The Court agrees with the Government and finds it inappropriate to go beyond the four corners of the Indictment to test the sufficiency of the evidence at this pretrial stage. Under Rule 12(b) of the Federal Rules of Criminal Procedure "[a]ny defense, objection, or request which is capable of determination without trial of the general issue may be raised before trial by motion." Defendant's "jurisdictional" argument, however, requires the Court to make a factual finding as to the "general issue" of the sufficiency of the evidence to support the crimes charged. To resolve Defendant's "jurisdictional" argument, the Court must

determine both whether Fenton was engaged in the performance of her official duties as an employee of the United States Department of Agriculture and whether Gary Taylor was assisting Fenton in the performance of her duties. Proof of these issues are essential elements of the crimes charged under 18 U.S.C. § 111 and are questions of fact, not properly resolved as questions of law as requested by Defendant through his Motion to Dismiss. See United States v. Green, 927 F.2d 1005, 1007 (7th Cir. 1991)(whether a federal employee is engaged in the performance of his duties or was attacked on account of those duties is an essential element of a violation under 18 U.S.C. § 111 and involves questions of fact), cert. denied, 502 U.S. 847 (1991), overruling on other grounds recognized by, United States v. Graham, 431 F.3d 585 (7th Cir. 2005); United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989)("If the pretrial claim is substantially intertwined with the evidence concerning the alleged offense, the motion to dismiss falls within the province of the ultimate finder of fact.")(citing United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir.), cert. denied, 478 U.S. 1007 (1986)).

In United States v. Hall, 20 F.3d 1084 (10th Cir. 1994), the Tenth Circuit set forth general principles for reviewing the sufficiency of an indictment:

> An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. . . . Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. . . . An indictment should be tested solely on the basis of the allegations made on its face, and such

3

> allegations are to be taken as true. . . . Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency.

Id. at 1087 (citations omitted). In his Motion to Dismiss, Defendant is asking the Court to do what is counseled against in Hall - test the sufficiency of the government's evidence by undertaking a fact finding process at the pretrial stage of these proceedings. While Defendant phrases the inquiry as "jurisdictional" and implies that it is capable of being resolved as a question of law, the "jurisdictional" issues to be resolved are necessarily intertwined with the general factual issues concerning the respective roles of Fenton and Gary Taylor. Such factual determinations are not properly resolved through the fact finding pretrial procedure urged by Defendant.

In Hall, the Tenth Circuit recognized a limited exception to the general rule against "considering evidence outside the indictment when testing its legal sufficiency." Id. The Tenth Circuit stated that a district court is authorized "to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." Id. This exception does not apply herein as the facts appear to be disputed concerning the central inquiries involving the roles of Fenton and Gary Taylor, and the government has lodged its objection to the Court considering evidence outside the four corners of the indictment. Consequently, the Court finds it inappropriate to consider matters outside the indictment or to conduct an evidentiary hearing with respect to Defendant's Motion to Dismiss,

4

which is in reality an attack on the sufficiency of the evidence.[1]

Based on the foregoing reasons, Defendant's Motion to Dismiss (Dkt. No. 31) and Defendant's Request for Evidentiary Hearing (Dkt. No. 32) are denied.

It is so ordered this 17th day of June, 2010.

*Frank H. Seay*
United States District Judge
Eastern District of Oklahoma

---

[1] This finding is also applicable to Defendant's related argument that Fenton was not intentionally assaulted by Defendant, but rather, that she was accidently struck by Defendant while she was attempting to intervene in the altercation between Defendant and Gary Taylor. The Court further recognizes the parties' respective arguments concerning the doctrine of transferred intent and concludes the application of such doctrine and the propriety of any jury instruction on the doctrine is more appropriately addressed at trial, should the evidence warrant such a discussion.

5