**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )
v.                                   ) No. CR-10-31-CR
                                     )
MICHAEL WAYNE TAYLOR,                )
                                     )
          Defendant.                 )


## OPINION AND ORDER


Defendant, Michael Wayne Taylor, has filed a Motion in Limine
(Dkt. No. 30) seeking an order prohibiting the Government from
introducing any evidence of (1) an Emergency Ex Parte Protective
Order entered against him by the Sequoyah County District Court on
November 16, 2006, in Boyd v. Taylor, Case No. PO-2006-251[1], and
the alleged acts underlying such case and (2) his conviction for
assault and battery with a dangerous weapon in the Sequoyah County
District Court in State of Oklahoma v. Taylor, Case No. CRF-84-
184.[2]  In response, the Government argues that it does not intend
to introduce such evidence unless the Defendant attempts to call
witnesses to attest to his character.   It is the Government's
contention that Rule 405 of the Federal Rules of Evidence permits
it to cross-examine Defendant's character witnesses about such
evidence.  Additionally, the Government states that it does intend

---

[1]  In her Petition for Protective Order, Catherine Boyd,
Defendant's sister, stated that Defendant "would not let me leave
my Dad's house.  He hit me in the head, and throwed [sic] me on a
bed, held me down and hit me 2 more times in the face, he then
choked me, and stuffed a sheet down my throat."

[2]  Defendant was charged with stabbing Bob Park, Jr. on and
about the chest with a knife.

to introduce evidence of Defendant's statement at the scene of the alleged crime to the effect that "he had been arrested before and probably will again." The Government contends this statement is relevant and part of the *res gestae* of the crime alleged. On July 9, 2010, this Court held on hearing on Defendant's Motion in Limine. Having considered the parties' respective briefs and arguments, this Court finds Defendant's Motion in Limine should be granted in all respects, including the attempted introduction of Defendant's statement at the scene of the crime as to his having "been arrested before and probably will again."

At the hearing on this matter, counsel for Defendant stated he intended to call character witnesses to testify as to Defendant's reputation in the community and the witnesses' opinions of Defendant's character for being an honest, law abiding citizen. While acknowledging that such questioning would touch upon a relevant trait of character, the Government counters that Rule 405 of the Federal Rules of Evidence allows it to cross-examine the character witnesses about "relevant specific instances of conduct," such as the Emergency Ex Parte Order and the conviction for assault and battery with a dangerous weapon. Rule 405(a) provides:

> In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

The Tenth Circuit has determined that "have you heard" questions may be asked on cross-examination of opinion and reputation witnesses. S.E.C. v. Peters, 978 F.2d 1162, 1169 (10th Cir. 1992); see United States v. Parker, 553 F.3d 1309, 1320 (10th Cir. 2009)("The prosecution may ask a personal opinion witness whether he or she 'has heard' the defendant had been sued for fraud and

whether that information 'would have affected your opinion' of good character."). The type of "have you heard" questions include not only prior relevant convictions, but also, "rumors, allegations or events about which the witnesses may lack first-hand knowledge." Peters, 978 F.2d at 1170. Questions along these lines are relevant to the Defendant's reputation in the community, the witness's opinion of the Defendant, and the witness's credibility and reliability. As noted by the Tenth Circuit in Peters, "[i]f the witness has not heard of the allegations, the depth of his or her knowledge might be called into question. If the witness has heard of the allegations but nevertheless favorably appraises the party's character, the witness' objectivity might be called into question." Id.

Defendant does not argue that the Government lacks a good faith factual basis for asking the proposed "have you heard" questions, see Michelson v. United States, 335 U.S. 469, 481 (1948)(before allowing cross-examination on specific instances of conduct, trial courts should be assured "that the target of the question was an actual event, which would probably result in some comment among acquaintances if not injury to defendant's reputation"), but rather, his objection to the line of questioning is based on relevancy. He argues there is diminished relevance to the proceedings in Boyd v. Taylor as the case was dismissed with prejudice after Catherine Boyd, Defendant's sister, agreed to dismiss her Petition for Protective Order. In the Order Dismissing Case, the District Court for Sequoyah County found that the Emergency Ex Parte Protective Order should be vacated, set aside, and held for naught *ab initio* as it was entered even though Boyd requested that no such *ex parte* order be entered. The State Court further held that all references to Defendant should be expunged from the Court record. With respect to the 1984 conviction for

assault and battery with a dangerous weapon in <u>State of Oklahoma v.</u>
<u>Taylor</u>, Defendant contends such conviction, occurring some twenty-
six years prior to the charges herein, is too remote in time to
provide any relevance to the opinion and reputation testimony
proffered.  Additionally, Defendant argues the fact that he was
pardoned in 1995, with a finding "that he has conducted himself in
an exemplary manner," blunts any relevance such a remote conviction
might have on his reputation.

Defendant's arguments are grounded in Rule 403 of the Federal
Rules of Evidence which provides, in pertinent part:

> Although relevant, evidence may be excluded if its
> probative value is substantially outweighed by the danger
> of unfair prejudice . . . .

The Court agrees with Defendant and finds that the minimal
relevance attributed to a twenty-six year old conviction, which
ultimately resulted in a full pardon, and an unadjudicated
protective order proceeding, which was dismissed with Petitioner's
agreement and an expungement of the record, is substantially
outweighed by the danger of unfair prejudice to the Defendant.
Allowing cross-examination of Defendant's character witnesses as
proposed by the Government increases the likelihood that the jury
would base its decision, not on the facts relevant to the incident
in question, but on the confusion and emotion prompted by the
mention of a remote, pardoned conviction, in the one case, and an
unadjudicated accusation, in the other.

Finally, as to Defendant's statement that "he had been
arrested before and probably will again," the Court concludes
testimony regarding such statement is not admissible as it is not
relevant to any issue in this proceeding.  The Government argues

4

that Defendant's statement implies that an immediate arrest would, at the very least, be of only a slight inconvenience to Defendant, and that it explains why the victims did not want Defendant arrested by the Sheriff at the scene of the alleged crimes. While this may provide an explanation for the victims' actions, the Court concludes that, based on the bare record before it, whether or not the victims wanted Defendant arrested at the scene is not relevant to any fact that is of consequence to the crimes charged. The Court does, however, leave open the possibility that such testimony could become relevant at trial depending on the nature and scope of the examination of the witnesses.

Based on the foregoing reasons, Defendant's Motion in Limine (Dkt. No. 30) is granted in all respects, including the attempted introduction of Defendant's statement at the scene of the crime as to his having "been arrested before and probably will again."

It is so ordered this 13th day of July, 2010.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma